UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-4160 |
| | ) |
| KURT OSMUNDSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff, proceeding *pro se*, filed a Fourth Amended Complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights at Hill Correctional Center ("Hill"). Now before the Court is Defendants' Motion for Summary Judgment, asserting that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (Doc. 76); Plaintiff's Response (Doc. 80); and Defendants' Reply (Doc. 81). For the reasons stated below, Defendants' Motion for Summary Judgment is GRANTED.

### MATERIAL FACTS

At all relevant times, Plaintiff was an inmate in the custody of the Illinois Department of Corrections ("IDOC") and housed at Hill. Defendants Dr. Kurt Osmundson and Nurse Practitioner Kasey Kramer provided medical services to IDOC inmates.

Plaintiff's allegations against Defendant Osmundson are limited to incidents that allegedly occurred during medical exams on May 5, 2021, and June 30, 2021 or 2022.[1] Plaintiff alleges that Defendant Osmundson touched his genitals with no medical reason for doing so on May 5, 2021,

---

[1] The Merit Review Order states June 30, 2022; however, based on Plaintiff's complaint, it appeals that Plaintiff intended to reference June 30, 2021. Defendants addressed both potential dates in their Motion for Summary Judgment.

1

and "ram[med] his finger[s] up [his] butt not only one time but two times" on June 30, 2021 or 2022. (Doc. 51).

Plaintiff's allegations against Defendant Kramer are limited to a claim that she failed to provide him with medications ordered by an outside physician on March 9, 2021. *Id.*

The IDOC has a detailed grievance procedure with which Plaintiff is familiar. 20 Ill. Admin. Code § 504, *et seq.* The IDOC grievance procedure requires that grievances "shall contain factual details regarding each aspect of the offender's complaint." § 504.810(c).

Plaintiff filed grievance 21-03-226E on March 24, 2021. (Doc. 76-1 at pp. 13-17). Grievance 21-03-226E concerns medical care related to the allegations in Plaintiff's complaint, but at no point does it allege that Defendant Kramer refused to provide Plaintiff with medications that were ordered by an outside physician. *Id.* at pp. 16-17. Grievance 21-03-226E does not mention Defendant Osmundson and pre-dates Plaintiff's allegations against him. *Id.*; Doc. 51.

Plaintiff filed grievance 21-04-147 on April 19, 2021. (Doc. 76-1 at pp. 8-12). Grievance 21-04-147 concerns medical care related to the allegations in Plaintiff's complaint, but at no point does it allege that Defendant Kramer refused to provide Plaintiff with medications ordered by an outside physician. *Id.* Grievance 21-04-147 does not mention Defendant Osmundson and pre-dates Plaintiff's allegations against him. *Id.*; Doc. 51.

Plaintiff sent a letter to the Warden dated April 19, 2021. (Doc. 76-1 at pp. 18-20). The letter is not a grievance, and, if intended to act as a grievance, was not properly filed or exhausted. *Id.* The letter mentions steroids, antibiotics, and pain medications prescribed by a doctor at OSF and indicates that Plaintiff received the steroids and antibiotics but not the pain medication. *Id.* The letter does not specify that Defendant Kramer denied Plaintiff these medications. *Id.* The letter

does not mention Defendant Osmundson and pre-dates Plaintiff's allegations against him. *Id.*; Doc. 51.

On May 5, 2021, Plaintiff filed grievance 21-05-045E alleging that Defendant Osmundson touched his genitals for no medical reason on May 5, 2021. (Doc. 76-1 at pp. 6-7). The grievance makes no mention of Defendant Osmundson touching his anus for no medical reason and pre-dates the second alleged incident on June 30, 2021 or 2022. *Id.* Grievance 21-05-045E does not mention Defendant Kramer. *Id.*

Plaintiff filed grievance 21-06-169E on June 22, 2021. *Id.* at pp. 4-5. The grievance states: "I'm writing this grievance because Dr. Osmundson put his hand on my privates…". *Id.* at p. 5. Grievance 21-06-169E was not filed within the 60-day timeframe for Plaintiff to grieve the alleged conduct against Defendant Kramer on March 9, 2021. *See* § 504.810(a). Grievance 21-06-169E appears to have been sent to the ARB along with grievance 21-05-045E, but there is no evidence that Plaintiff affirmatively appealed the grievance through the proper channels. (Doc. 76-1 at pp. 1-5). Grievance 21-06-169E makes no mention of Defendant Osmundson touching his anus for no medical reason and pre-dates the second alleged incident on either June 30, 2021 or 2022. *Id*. at pp. 4-5.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must

construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's "favor toward the nonmoving party does not extend to drawing 'inferences that are only supported by speculation or conjecture.'" *Id*. In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted). Plaintiff is the non-moving party, and the evidence and all reasonable inferences are viewed in the light most favorable to him. *Anderson*, 477 U.S. at 255.

## EXHAUSTION STANDARD

As an incarcerated individual, Plaintiff is subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, which requires an inmate to exhaust all available administrative remedies prior to filing suit. Exhaustion of administrative remedies under § 1997e is a condition precedent to suit, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 2009), and applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion means completing all stages of the process in a timely and proper manner. *Id*. at 1024. An inmate cannot satisfy the requirements by filing an untimely or otherwise procedurally defective grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). If the inmate

4

fails to exhaust before filing suit, the court must dismiss the suit. *See Jones v. Bock*, 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

Plaintiff was required to follow the grievance procedures described in the regulations provided by the IDOC. *See* 20 Ill. Admin. Code § 504.800, *et seq*. In Illinois, inmates may utilize (1) a normal, non-emergency grievance procedure, or (2) an emergency grievance procedure. Under the non-emergency procedure, inmates must follow a three-step process.

First, the inmate must submit a grievance to his or her counselor "within 60 days after the discovery of the incident" giving rise to the grievance, explaining details regarding "each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." § 504.810(a), (c). If the names of each person are unknown, then "the offender must include as much descriptive information about the individual as possible." *Id.* at (c).

Second, if the inmate is dissatisfied with his counselor's response, he must file the grievance with the grievance officer for further review, who will then make a report of findings and recommendations in writing to the CAO. §§ 504.810(a), 504.830(e).

Finally, if the grievance officer denies the grievance and the CAO concurs with that decision, the inmate must appeal to the ARB within thirty days, attaching the grievance officer's report and the CAO's decision to the appeal. § 504.850(a). The ARB will submit a written report of its findings and recommendations to the Director, who will make a final determination of the grievance within six months, when reasonably feasible under the circumstances. *Id*. at (d)-(e). Under this normal, non-emergency procedure, the inmate's administrative remedies are exhausted when he receives a final determination from the ARB and the Director. *Id*. at (e).

A different procedure exists for emergency grievances. Inmates may submit emergency grievances directly to the CAO. § 504.840. The CAO will determine if there is "a substantial risk of imminent personal injury or other serious or irreparable harm" to the inmate that warrants the grievance being handled on an emergency basis. *Id.* at (a). If the CAO classifies the grievance as an emergency, the CAO "shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." *Id*. at (b). After receiving a response from the CAO, if the inmate believes that his problem or complaint has not been resolved, he may appeal in writing to the ARB. § 504.850(a). When an inmate appeals a grievance that has been deemed emergent by the CAO, the ARB "shall expedite the processing of the grievance." § 504.850(f).

Failure to exhaust administrative remedies is an affirmative defense; the defendants have the burden of proving the inmate had available remedies he did not utilize. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A lawsuit filed by a prisoner before he exhausted his administrative remedies must be dismissed because the district court lacks the discretion to resolve the claim on the merits. *Perez*, 182 F.3d at 535.

**ANALYSIS**

Defendants argue that Plaintiff did not exhaust his administrative remedies on his claims that (1) Defendant Kramer refused to provide him with prescribed medications on March 9, 2021, and (2) Defendant Osmundson inserted two fingers in his anus without a medical reason on June 30, 2021 or 2022.

I.    **Plaintiff's Claims Against Defendant Kramer**

Plaintiff alleges Defendant Kramer denied him medications an outside physician prescribed on March 9, 2021. Plaintiff did not exhaust his administrative remedies on this claim. Plaintiff filed one grievance that mentions Defendant Kramer denied him medication prescribed

6

by OSF – grievance #21-06-169E dated June 22, 2021 – but this grievance does not satisfy the exhaustion requirement because Plaintiff did not submit the grievance within 60 days of when the alleged incident occurred on March 9, 2021. (Doc. 76-1 at pp. 4-5). There also is no evidence that Plaintiff successfully appealed this grievance using the appropriate channels. *See* § 504.810(a)-(b); *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function without imposing some orderly structure on the course of its proceedings.").

Plaintiff also complained about Defendant Kramer's alleged failure to provide his prescribed medications in a letter to the Warden dated April 19, 2021, but this letter was not a grievance. (Doc. 76-1 at pp. 18-20). *See Dole*, 438 F.3d at 809 (Seventh Circuit requires strict compliance with the grievance procedure).

The Court finds that Plaintiff failed to exhaust his administrative remedies on his claim against Defendant Kramer. Defendants' Motion for Summary is GRANTED as to Defendant Kramer. She is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissals under § 1997e(a) are without prejudice).

II.     **Plaintiff's Claims Against Defendant Osmundson**

Defendants concede that Plaintiff exhausted his administrative remedies on his claim that Defendant Osmundson violated his Eighth Amendment rights by inappropriately touching his genitals on May 5, 2021. (Doc. 76 at p. 10; Doc. 76-1 at pp. 6-7).

The Court finds that Plaintiff failed to exhaust his administrative remedies with regard to the second alleged incident on June 30, 2021 or 2022 because he did not file a grievance regarding this claim. *See* § 504.810(c). It is generally recognized that a grievance must contain sufficient information so as to alert the prison to "the nature of the wrong for which redress is sought." *Strong*

*v. David*, 297 F.3d 646, 650 (7th Cir. 2002). A plaintiff who does not provide this necessary information fails to exhaust. *See Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (plaintiff failed to exhaust where he did not identify defendants "by name or inference"); *see also Woods v. Schmeltz*, No. 13-1477, 2014 WL 3490569, at *4 (C.D. Ill. July 14, 2014) (plaintiff must provide enough information for "the prison to determine which of its employees were involved in the incidents…"). Therefore, Plaintiff's Eighth Amendment claim against Defendant Osmundson based on the alleged incident on June 30, 2021 or 2022 is dismissed without prejudice.

   III.   **Plaintiff's Motions and Defendants' Motion to Strike**

On November 9, 2023, Plaintiff filed a "Motion" asking the Court "not to dismiss [his] summary judgment" and that he has "new evidence." (Doc. 82 at p. 1). Plaintiff states that he has "new evidence to show the Court that all along NP Kramer and Dr. Osmundson [k]new I had abdominal wall hernia since 11-8-2019 but ke[pt] telling me there was nothing wrong with me after 3-1-21 when I had a C.O.P.D. and emphysema attack…." *Id.* Plaintiff attached copies of medical records from 2021 to his motion. *Id.* at pp. 4-9.

On November 10, 2023, Defendants filed a Motion to Strike asking the Court to strike Plaintiff's motion pursuant to Federal Rule of Civil Procedure 12(f), as it is redundant, immaterial, and impertinent. (Doc. 83). Defendants also argue that Plaintiff's motion cannot be construed as a motion to reconsider or a sur-reply. *Id.* Based on Plaintiff's status as a *pro se* litigant, the Court declines to strike Plaintiff's motion and award Defendants their costs and fees for addressing the motion. Defendants' Motion to Strike is denied.

On November 22, 2023, Plaintiff filed a "Motion Not to Strike New Evidence" stating that he received numerous documents from defense counsel and found "new evidence." (Doc. 84).

8

Plaintiff also states that Defendants retaliated against him by denying him medical treatment and placing him in the infirmary. *Id.*

Plaintiff's motions are unrelated to whether he exhausted his administrative remedies, and it is unclear what relief Plaintiff is seeking. (Docs. 82 and 84). Therefore, Plaintiff's motions are denied. Plaintiff may use any relevant evidence to support his claims when he files a motion for summary judgment on the merits or in response to Defendant's motion for summary judgment. Discovery currently closes on January 5, 2024, and dispositive motions are due on February 5, 2024.

**IT IS THEREFORE ORDERED:**

1) Defendants' Motion for Summary Judgment [76] is GRANTED. Defendant Kasey Kramer is DISMISSED without prejudice. The Clerk is directed to TERMINATE Defendant Kramer. Plaintiff's claim against Defendant Osmundson in relation to the alleged incident on June 30, 2021 or 2022 is DISMISSED without prejudice.

2) This case will proceed solely against Defendant Osmundson on Plaintiff's claim that Defendant Osmundson inappropriately touched his genitals on May 5, 2021, in violation of the Eighth Amendment. (*See* Merit Review Order, Doc. 51 at p. 5).

3) Plaintiff's Motion [82], Defendants' Motion to Strike [83], and Plaintiff's Motion Not to Strike Evidence [84] are DENIED.

4) Discovery closes on January 5, 2024. Dispositive motions are due on February 5, 2024.

ENTERED: 12/4/2023

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge